[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Robert E. Zezzo appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. Acting pursuant to General Statutes § 14-227b, the commissioner suspended the plaintiff's license on the basis that he failed a chemical test of the alcohol content of his blood after having been arrested on the charge of driving while under the influence of alcohol. The plaintiff appeals under General Statute § 4-183.
The single issue raised in the plaintiff's appeal[1] is whether he was deprived of his right to a full and fair hearing because the instruction manual for the intoxilyzer was not produced at the hearing.
The record reflects the following facts. On June 12, 1997, at 1:39 a.m., Trooper Festa of the Connecticut State Police saw the plaintiff's vehicle traveling at approximately 10 mph on the exit ramp onto Interstate 84 westbound in Newtown; she watched it veer into the right shoulder and drift back to the travel portion for no apparent reason. Trooper Festa activated her cruiser's emergency lights and siren to stop the plaintiff's vehicle. The CT Page 10464 plaintiff's vehicle pulled halfway onto the right shoulder and then reversed into the trooper's cruiser. Trooper Festa approached the plaintiff's vehicle and observed the plaintiff in the driver's seat. The plaintiff had red and bloodshot eyes, spoke with slurred speech and smelled strongly of alcohol. He also stated that he was in Maine going to West Hartford. The plaintiff failed to perform adequately the standardized field sobriety tests.[2] The plaintiff was placed under arrest for driving while under the influence of alcohol or drugs under General Statutes § 14-227a. Once advised of his Miranda rights, the plaintiff submitted to breath tests at 2:38 a.m. resulting in a reading of .216% BAC and at 3:10 a.m. resulting in a reading of .200% BAC.
On June 19, 1997, the plaintiff was sent a notice that his license would be suspended effective July 12, 1997, and that he could request a nearing no later than June 26, 1997. Hearings scheduled for July 9, 1997, and July 17, 1997 were both continued at the plaintiff's request. The hearing was finally held on July 24, 1997. The suspension notice was revised to provide an effective date of suspension of July 27, 1997. On July 24, 1997, the plaintiff appeared through counsel and Trooper Festa appeared pursuant to a subpoena duces tecum served on her by plaintiff's counsel. The plaintiff served that subpoena duces tecum on the Department of Public Safety in Middletown on July 22, 1997 at 10:30 a.m. The subpoena requested that Trooper Festa bring three categories of documents with her to the July 24, 1997 hearing:
 a) Any video tape made in connection with the arrest, processing or testing of Robert E. Zezzo, including at roadside and/or in the Police Station, and,
 b) Copy of the Certification to Operate the Intoxilyzer 5000 Machine for Trooper Festa and,
 c) Copy of the State Certification to Operate and the Maintenance and Operation Log and Instruction Manual for the Connecticut State Police Department Intoxilyzer 5000 Machine, Serial No. 68-001643
Trooper Festa testified that she was unable to bring any documents with her on July 24, 1997, because she did not see the subpoena prior to the hearing[3]. The hearing officer allowed a continuance for the trooper to produce the documents and the hearing was continued to July 25, 1997. On July 25, 1997, Trooper Festa appeared with copies of her recertification as an operator CT Page 10465 of the intoxilyzer 5000 and the recertification of the intoxilyzer 5000. She testified that she was not able to bring the maintenance and instruction manual because they had to be subpoenaed through the Department of Health.[4] The plaintiff requested a continuance, which the hearing officer denied with the following remarks:
 And, although you argued that your client, the respondent in this case, would be prejudiced by my refusal to grant a continuance in this case, I don't believe that the prejudice is necessarily caused by the department or by Trooper Festa in not being able to get these records, nor do I feel that these records were not available prior to two days ago yesterday or today based on the fact that we have had so many continuances and that the respondent had ample time prior to today's date to subpoena the records outside of this hearing. I'm going to deny the continuance.
(ROR; Hearing transcript July 25, 1997 pp. 17-18).
The plaintiff claims that as a result of this denial of a continuance he was deprived of due process.
In an administrative appeal, it is the plaintiff's burden to prove that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, supra, 40. If there is substantial evidence in the administrative record to provide the hearing officer a reasonable basis for his finding, the decision must be upheld. Connecticut Building Wrecking Co. v.Carothers, 218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it".Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702,709 (1997).
"An operator's license is a privilege that the state may not revoke without furnishing the holder of the license due process CT Page 10466 as required by the fourteenth amendment. Bell v. Burson,402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)." State v.Hickam, 235 Conn. 614, 626, 668 A.2d 1321 (1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1851, 134 L.Ed.2d 951 (1996). "Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice." (Citations and internal quotation marks omitted.) Huckv. Inland Wetlands Watercourses Agency, 203 Conn. 525, 536
(1987). "Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Id., supra; see also General Statutes §§ 4-177c and4-178.
The court has carefully reviewed the record in this case, including the transcripts of the July 24, 1997 and July 25, 1997 hearings. Here the hearing had been continued at the plaintiff's request twice, and the plaintiff served the trooper only with the request for the manual two days prior to the hearing. At the July 25, 1997 hearing, Trooper Festa testified that while she attempted to obtain a copy of the manual at Newtown Troop A, she was told that It had to be subpoenaed through the department of health. (ROR, Hearing transcript July 25, 1997, p. 7). The court sees no violation of the plaintiff's rights to due process in the hearing officer's denial of the continuance. As noted by Judge Maloney in Dumont v. Commissioner of Motor Vehicles, Superior Court, Judicial District of Hartford/New Britain at Hartford, Doc. No. 960560949 (December 13, 1996), p. 11 (appeal pending, Doc. No. AC16761):
 Based upon the considerations summarized above, the court concludes that it was not unfair for the hearing officer to hold the plaintiff responsible for issuing all of the subpoenas necessary for gathering the evidence that the plaintiff wished to present. Accordingly, it was not an abuse of the hearing officer's discretion to deny the plaintiff a continuance when it became apparent that he had not done so.
The commissioner argues in his brief that this court should reject the plaintiff's arguments but remand the case with direction to the Department of Motor Vehicles to suspend the plaintiff's license for one year instead of the ninety days. The basis for this argument is a prior suspension of the plaintiff's CT Page 10467 license under § 14-227b. The unsuccessful appeal from that suspension to the Superior Court is now on appeal to the Appellate Court[5]. General Statutes § 4-183 provides relief for the appealing party if the court finds that substantial rights of that party have been prejudiced. The commissioner is not the appealing party. Accordingly, this court is without the statutory authority to provide the relief requested by the commissioner.
The appeal is dismissed, and the stay is vacated.
DiPentima, J.